Jennifer A. Kuenster, State Bar No. 104607
jkuenster@nixonpeabody.com
Scott S. Shepardson, State Bar No. 197446
sshepardson@nixonpeabody.com
**NIXON PEABODY LLP**
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
Telephone (415) 984-8268
Fax (866) 904-6525

Kristi J. Livedalen, State Bar No. 155207
klivedalen@nixonpeabody.com
**NIXON PEABODY LLP**
300 South Grand Avenue, Ste. 4100
Los Angeles, CA 90071
Telephone: (213) 629-6000
Fax: (213) 629-6001

Attorneys for Defendant
FCA US LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LEE,<br><br>            Plaintiff,<br><br>      vs.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.: 2:16-cv-5190-MRW<br><br>**FCA US LLC'S MOTION IN LIMINE NO. 3 TO EXCLUDE THE ADMISSIBILITY OF TESTIMONY OF PLAINTIFF'S EXPERT WITNESS THOMAS LEPPER, PURSUANT TO FRCP 26(b)(4)**<br><br>*Assigned for all Purposes to the Honorable Michael R. Wilner*<br><br>Hearing Date: April 25, 2018 |

Defendant FCA US LLC ("FCA US") moves this court *in limine,* before trial and selection of a jury, for an order excluding from evidence any opinions, testimony, and any written reports by Plaintiff's expert Mr. Thomas Lepper on the grounds that Mr. Lepper has an outdated "designation" and failed to appear for his deposition pursuant to F.R.Civ.P. 26(b)(4).

## I. INTRODUCTION

This is a Song-Beverly case involving a 2012 Jeep Grand Cherokee. Plaintiff purchased a new 2012 Jeep Grand Cherokee on December 22, 2012. Plaintiff contends that FCA US must repurchase her vehicle because FCA US or its authorized dealerships were unable to repair an alleged defect within a reasonable number of repair attempts.

## II. THOMAS LEPPER SHOULD NOT BE ALLOWED TO OFFER OPINIONS, TESTIFY, OR SUBMIT A REPORT IN THIS MATTER

The Court issued its Updated Scheduling Order in this matter on February 26, 2018. Regarding expert witnesses, the Court ordered:

> Expert discovery in these six cases will be completed by April 4.
>
> Expert reports will be due by March 7.

Dkt. 87.

Apart from the Court's Order, expert disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B), and F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) apply to all discovery relating to expert witnesses and their opinions.

Mr. Lepper's "disclosure" was made in June of 2017 in the form of a report, and a complete and updated disclosure was not provided to FCA US. Furthermore, Mr. Lepper has not been produced for deposition in this matter. As a result, Mr. Lepper should not be permitted to offer opinions, testify or submit any report in this trial.

### A. Opinions, Testimony and Any Reports of Mr. Lepper Should Be Excluded From Evidence Because Mr. Lepper's Expert Designation is Incomplete and Outdated.

F.R.Civ.P 26(a)(2)(B) sets for the requirements for expert disclosures. The "Written Report Prepared for Mr. Steve Mikhov, Mr. Alastair Hamblin" by Thomas Lepper Associates ("Written Report") was received by FCA US on or about June 13, 2017, although it does not have a certificate of service. Shepardson Decl.,

¶ 3 and Exhibit A. It was not updated and does not include current required information, including the expert's list of testimony. Accordingly, the court should order that his opinions, testimony and any report that he may offer be excluded at trial.

### B. Opinions, Testimony and Any Reports of Mr. Lepper Should Be Excluded From Evidence Because Mr. Lepper Failed To Attend His Deposition.

A party may depose a person who has been identified as an expert whose opinions may be presented at trial. F.R.Civ.P. 26(b)(4)(A). Plaintiff has denied FCA US its legitimate right to take Mr. Lepper's deposition before the expert discovery cutoff. Plaintiff did not offer Mr. Lepper for deposition prior to the April 4, 2018 expert discovery cut off, asserting that Mr. Lepper was not available for deposition until April 18, 2018. Shepardson Decl., ¶ 4 and Exhibit B, p. 2. Counsel for FCA US responded that FCA US would agree to the April 18 deposition of Mr. Lepper if Plaintiff sought leave of the court for this extension of time and also stipulated to an extension of time for motions *in limine* and dispositive motions, which would be otherwise be due well before Mr. Lepper's proposed delayed deposition. Shepardson Decl., ¶ 4, Exhibit B, p. 1. Plaintiff refused to do so.

FCA US would be irreparably harmed due by being precluded from taking Mr. Lepper's deposition. FCA US would be thoroughly stymied by Plaintiff's flagrant violation of F.R.Civ.P. 26(a)(2)(B) and the Court's Updated Scheduling Order. FCA US will suffer trial by ambush if Mr. Lepper is allowed to testify at trial on matters that were obstructed by Plaintiff during discovery.

### III. CONCLUSION

For the foregoing reasons, FCA US respectfully requests that this Court grant its motion *in limine* to prevent Mr. Lepper's improper expert opinions and testimony

///

///

1  and exclude any written report he may offer at the time of trial.

2

3  Date:  April 3, 2018                               NIXON PEABODY LLP

4                                                              By:   /s/ Scott S. Shepardson
                                                                       Scott S. Shepardson
5                                                                      Attorneys for Defendant
                                                                       FCA US LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12624470.1 -1-
PROOF OF SERVICE
4818-4904-3552.1